**GONDER, Trusteeship, In Re**

**HUTCHISON v LIEN**

Ohio Appeals, 9th Dist, Summit Co

No 3225.   Decided Feb 29, 1940

Hutchison & Firestone, Akron, for appellant.

Thomas J. Herbert, Attorney General, Columbus, and Fred E. Renkert, Akron, for appellee.

**OPINION**

By WASHBURN, PJ.

The original trustee of the spendthrift discretionary trust for maintenance and support involved in this case was a bank, the First-Central Trust Co., now in liquidation by the superintendent of banks, and the other trustee involved in the litigation is the successor trustee of such trust, an individual, Walter S. Hutchison.   The former will be referred to as first trustee, and the latter as second trustee.

The first trustee filed an account in Probate Court, and the second trustee filed exceptions to various items in the account.

The Probate Court overruled exceptions one, three and four, and sustained exception two, and the second trustee appealed to the Court of Common Pleas, where the cause was tried de novo.

The Common Pleas Court overruled exception one, and sustained exceptions two, three and four.

The second trustee then appealed to this court, where the cause has been submitted on questions of law.   No cross-appeal has been filed, and the first trustee concedes that the ruling of the Common Pleas Court sustaining exceptions two and four should not be disturbed.

The second trustee claims that the ruling of the Common Pleas Court overruling exception one should be reversed and that the ruling qualifying the order sustaining exception three should be reversed.

Exceptions one and three are all that we need to discuss.

There is no bill of exceptions, but the journal entry of the Common Pleas Court sets forth important facts, and it is urged by the second trustee that the court erred in the application of the law to such facts relating to exceptions one and three, and the first trustee claims that the ruling on ex-

ception one was right and that exception three should be unqualifiedly overruled.

The will creating the trust gave to the trustee absolute and unqualified discretion to pay, from the income of the trust property, to the spendthrift for his support and maintenance, the sum of seventy-five dollars a month, "in such amounts, at such times and in such manner * * * from time to time" as the trustee should "deem proper, but not to exceed said sum of seventy-five dollars monthly."

At the death of the spendthrift without issue of his body, the will devised testator's real estate "and the fund created from the rentals thereof" to certain classes of persons.

Exception one relates to an item of payment by the first trustee of certain moneys from income of the trust to the wife of the spendthrift under an order of court in a divorce proceedings, which payments were afterwards approved in writing by the spendthrift, and which exception was overruled.

From the record as it is, we find no error in the court's overruling of that exception.

Exception three relates to a credit taken by the first trustee for the payment of a certain sum, made by it from the income of the trust, in amounts of $70 a month, upon the written assignment of the spendthrift, of moneys "which might be payable to him out of the **income** from said trust fund." (Emphasis ours).

The expenditure of that sum provided the spendthrift with a home in which he and his wife lived for several years. the fair rental value of which was found by the trial court to amount to more, for the period of time the premises were so occupied, than the amount so paid upon the order of the spendthrift.

That payment was made by the first trustee to itself, upon the order of the spendthrift, and was applied upon a note given by the spendthrift to the trustee for the purchase price of the premises, which premises the spend-

thrift still owned and occupied at the time of the trial below, the premises being, however, subject to a mortgage for the balance of the purchase price.

The Common Pleas Court found that said transaction, upon the part of the first trustee, was improper, and that that exception should be sustained, and then the court nullified such finding by the further finding that the trustee was entitled to a credit for the use of the premises in an amount exceeding the payments made to itself upon the order of the spendthrift, and that such credit, so allowed, "shall be set off against the claim herein allowed in favor of the successor trustee under the within exception."

We find that the Common Pleas Court erred in sustaining said exception, and that its judgment in that behalf should be reversed.

If said rental value be considered as a proper payment to the spendthrift for his support and maintenance, and allowable as a credit to the first trustee in an amount equaling the amount of said item involved in the exception, then the exception should have been overruled instead of sustained.

We also find, from the record before us, that said transaction involved only the income from the trust, and not the corpus, and that the assignment of order specifically applied only to sums which were allowed and payable to the spendthrift out of income; and from the circumstances shown by the record, the inference is justified that the trustee allowed said sum to the spendthrift in the exercise of its absolute discretion, and that, when the trustee exercised its absolute and uncontrolled discretion to pay to the spendthrift $70 a month from the income, the sums so allowed became the property of the spendthrift and were not part of the corpus of the estate; that said transaction therefore involved only the income, and, the allowance having been paid according to the wishes of the spendthrift, the wrong done, if any there was, was against the spendthrift and not against those who

may sometime become interested in the corpus of the trust fund.

There is nothing in the record from which an inference can be drawn that the arrangements made and carried out were the result of fraud or bad faith, or that they were not beneficial and to the advantage of the spendthrift and his family, or that he has in any wise complained in reference thereto; and under all the circumstances shown in the record, the finding of the Common Pleas Court as to said exception should have been that the exception should be overruled.

Judgment affirmed as to exceptions one. two and four, and reversed as to exception three, and the cause is remanded to the Court of Common Pleas, with instructions to overrule exception three and remand the cause to the Probate Court.

STEVENS, J., concurs.

DOYLE, J., concurs in the judgment of affirmance of exceptions one, two and four. and in the reversal as to exception three, but dissents to the directing of the Common Pleas Court to overrule exception three.